*143 ORDER (Denying Motion for Summary Judgment)
AMANDA L. ROCKMAN, Associate Judge.
INTRODUCTION
The Court must determine whether to grant the plaintiffs’ motion for summary judgment. The Court finds that there are genuine issues as to material fact and the plaintiffs are not entitled to judgment as a matter of law. Therefore, the plaintiffs’ Motion for Summary Judgment is denied. The analysis of the Court follows below.
PROCEDURAL HISTORY
The plaintiffs, Ho-Chunk Nation Housing Ownership Program (hereinafter HOP) and the Ho-Chunk Nation (hereinafter HCN), filed a Complaint and Petition to Register and Enforce a Foreign Judgment (hereinafter Petition) with the Court on February 11, 2010. Consequently the Court issued a Summons accompanied by the above-mentioned Complaint, Petition, and attachments on February 12, 2010, and effected personal service upon the defendant, Zachary D. Thundercloud. The Summons informed the defendant of his right to file an Answer within (20) days of the issuance of the Summons. Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 6(A). The Summons also cautioned the defendant that a Default Judgment could result from failure to file within the prescribed time-frame.
The defendant timely filed a motion, which the Court accepts as the Defendant’s Answer (hereinafter Answer) on March 1, 2010. Consequently, the Court mailed Notice(s) of Hearing on March 10, 2010, informing them of the date, time, and location of the Scheduling Conference. The Court convened a Scheduling Conference on March 31, 2010 at 10:00 a.m. CDT. See Scheduling Order, CV 10-17 (HCN Tr. Ct., Apr. 1, 2010). The following parties appeared at the Scheduling Conference: Department of Justice Attorney (hereinafter DOJ) Attorney Wendi A. Huling, plaintiffs’ counsel; and Zachary D. Thundercloud, defendant. The Court entered the Scheduling Order on April 1, 2010, setting forth the timelines and procedures to which the parties should adhere prior to trial.
In accordance with the Scheduling Order, the plaintiffs timely filed Petitioner’s [sic] Preliminary Witness List on April 14, 2010. The defendant faded to file a *144 witness list. Subsequently, on June 3, 2010 the plaintiffs, by and through DOJ Attorney Wendi A. Huling, filed Defendant’s Notice and Motion for Summary Judgment (hereinafter Plaintiff’s Motion) and Petitioner’s [sic] Brief in Support of Motion, for Summary Judgment (hereinafter Plaintiffs Brief). Id., Rule 18. The Court convened a Pre-Trial Conference on June 17, 2010 at 10:15 a.m. CDT. The Court afforded the plaintiffs the opportunity to argue Plaintiffs Motion and to provide the defendant the opportunity to offer a response. The following parties appeared at the Pre-Trial Conference: The plaintiffs, by and through their attorney, DOJ Attorney Wendi A. Huling; and the defendant, Zachary D. Thundercloud.
APPLICABLE LAW
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 6. Answering a Complaint or Citation.
(A) Answering a Complaint. A party against whom a Complaint has been made shall have twenty (20) calendar days from the date the Summons is issued, or from the last date of service by publication, to file an Answer with the Clerk of Court. The Answer shall use short and plain statements to admit, admit in part, or deny each statement in the Complaint, assert any and all claims against other parties arising from the same facts or circumstances as the Complaint and state any defenses to the Complaint. The Complaint must contain the full names of all parties and any counsel. The Answer must be signed by the party or his or her counsel and contain their full names and addresses, as well as a telephone number at which they may be contacted. An Answer shall be served on other parties and may be served by mail. A Certificate of Service shall be filed as required by Rule 5(B).
Rule 18. Types of Motions.
Motions are requests directed to the Court and must be in writing except for those made in Court. Motions based on factual matters shall be supported by affidavits, references to other documents, testimony, exhibits or other material already in the Court record. Motions based on legal matters shall contain or be supported by a legal memorandum, which states the issues and legal basis relied on by the moving party. The Motions referenced within these Rules shall not be considered exhaustive of the Motions available to litigants.
Rule 19. Filing and Responding to Motions.
(A) Motion. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. A Response to a written Motion must be filed at least one day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Rule 55. Summary Judgment.
Any time after the date an Answer is due or filed, a party may file a Motion for Summary Judgment on any or all of the issues presented in the action. The Court will render Summary Judgment in favor of the moving party if there is *145 no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the entry of judgment, the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(D)Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a) or (b); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged, or is without effect due to a judgment earlier in time.
FINDINGS OF FACT
1. The parties received proper notice of the June 17, 2010 Pre-Trial Conference.
2. The plaintiff, Ho-Chunk Nation, is a federally recognized Indian Tribe located at W 9814 Airport Road, P.O. Box 667, Black River Falls, WI 54615. Compl. at 1.
3. The plaintiff, the Ho-Chunk Nation Home Ownership Program (hereinafter HOP), is an agent of the Ho-Chunk Nation, developed through the Ho-Chunk Nation Legislature with its principal place of business located at 500 East Veterans, Tomah, WI 54660. Id. at 2.
4. The defendant, Zachary D. Thundercloud, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A002335, and resides at 115 Rye Bluff Road, # 241, Black River Falls, WI 54615.
5. On August 22, 1997, the parties entered into a Mortgage Note for $100,000.00, which set forth the repayment agreement between the parties. Compl, Attach., Ex. 3.
6. Subsequently, on September 4,1997, to correct an error in the Mortgage Note, *146 the parties re-recorded the mortgage and entered into a Real Estate Mortgage (hereinafter Mortgage), for $100,000.00, which set forth the terms and responsibilities of the defendant regarding care and maintenance of the property. Id., Attach., Ex. 4
7. The property at issued was foreclosed on November 4, 2004, in the State of Wisconsin. Pre-Trial Conference, (LPER at 3, June 17, 2010,10:17:47 CDT). Subsequently, to obtain the title for the property, on September 12, 2006, the plaintiffs attended the sheriffs auction and as the only bidder purchased the home (above fair market value) in the amount of $125,593.75. Compl., Attach., Ex. 5. Consequently, the Jackson County Court issued an Order for Confirmation, of Sale on October 19, 2006 thereby transferring title to the plaintiffs and found a total indebtedness in the amount of $125,593.75. Id.
8. On February 11, 2010, the plaintiffs filed a Petition to enforce the foreign court order against the defendant in the amount of $125,593.75. Pet. at 3; see also Compl., Attach., Ex. 5.
9. The plaintiffs filed a Complaint seeking additional monetary damages against the defendant in the amount of $132,441.71 for costs associated with the taxes, debts, care, maintenance, and restoration of the property. Compl. at 16.
10. The plaintiffs are requesting damages in the total amount of $258,035.46.
11. The plaintiffs assert that “there [are] no issues of material fact to be settled between the parties.” PI. ⅛ Hr. at 2. Specifically, that the since the failed to comply with the conditions of the Mortgage by keeping the property in good and tenantable condition, he is responsible for all costs associated with the restoration. Id. Additionally, the plaintiffs argue that: “to have clear Title to the property, [the plaintiffs] had to pay the Respondent’s [sic] debts. Without clear Title to the Property, Petitioner [sic] would have been unable to sell the property to another Tribal Member. Therefore, the Petitioners [sic] are also seeking to be reimbursed for these funds.” Id.
12.The defendant disputes the total amount of the damages allegedly owed to the plaintiffs. LPER at 9, 10:38:50 CDT. Specifically, the defendant contends that he should pay $125,000.00 for a $100,000.00 mortgage. Id. Additionally, the defendant argues that he should be not be responsible for repairs, changes, and payments made after the house was foreclosed on. Id.
DECISION
The plaintiffs seek to recover the purchase price of a tribal member’s foreclosed property and the costs associated with repayment of debts and restoration of said property. “The Court will render Summary Judgment in favor of the moving party if there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law.” HCN R. Civ. P., 55. Furthermore, a moving party must appropriately identify the legal and factual bases for a summary judgment motion.
[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,” which it believes demonstrates the absence of a genuine issue of material fact.
Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). In the instant case, the plaintiffs assert that the defendant is indebted to the plaintiffs for *147 over $250,000.00. Consequently, the defendant disputes the actual amount of the indebtedness and specifically contests any amounts charged after the foreclosure. The plaintiffs provide documentation for all of the requested debts, but fails to adequately justify how the defendant is responsible for the entire amount of indebtedness (i.e., property taxes, utilities, electric, etc.) charged after the plaintiffs purchased the home. Additionally, as the defendant pointed out, the plaintiffs fail to provide an adequate legal and factual basis regarding why the defendant should repay a $100,000.00 mortgage for the price of $125,593.75. The plaintiffs fail to demonstrate the absence of a genuine issue of material fact. Therefore, the Motion for Summary Judgment is denied.
IT IS SO ORDERED this 24th day of August, 2010 by the Ho-Chunk Nation Trial Court located in Black River Falls, Wisconsin within the sovereign lands of the Ho-Chunk Nation.